UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SHENZHENSHI HAITIECHENG SCIENCE AND TECHNOLOGY CO., LTD, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>REARDEN LLC, et al.,<br><br>Defendants. | Case No. 15-cv-00797-JST<br><br>**[PROPOSED] ORDER**<br><br>Judge:   Hon. Jon S. Tigar<br><br>Ctrm:    9 (19th Floor) |
| REARDEN LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE WALT DISNEY COMPANY, et al.,<br><br>Defendants. | Case No. 17-cv-04006-JST |
| REARDEN LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION, et al.,<br><br>Defendants. | Case No. 17-cv-04191-JST |
| REARDEN LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PARAMOUNT PICTURES CORPORATION, et al.,<br><br>Defendants. | Case No. 17-cv-04192-JST |

[PROPOSED] ORDER

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>CRYSTAL DYNAMICS, INC.<br><br>    Defendant. | Case No. 17-cv-04187-JST |
| REARDEN LLC, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>TWDC ENTERPRISES 18 CORP., et al..<br><br>    Defendant. | Case No. 22-cv-02464 |

**[PROPOSED] ORDER**

Pursuant to this Court's February 22, 2023, Order in all of the above-captioned cases, *see, e.g.,* Case No. 3:17-cv-04006-JST Dkt. 342, the Court held a further case management conference on March 2, 2023. Having considered the parties' submissions and arguments in support thereof and opposition thereto, the Court ORDERS as follows:

1) Digital Domain 3.0 ("DD3") has identified the files in its possession and subject to the Special Master's return orders in *Shenzhenshi Haitiecheng Science and Technology Co., LTD v. Rearden LLC,* Case No. 15-cv-00797-JST ("*SHST*") that may contain the copyrighted material of third parties (the "STUDIO Files"). DD3 shall further identify "STUDIO Files" that are likely to contain (i) Disney's intellectual property ("DISNEY Files"); (ii) Twentieth Century Fox's intellectual property ("FOX Files"); (iii) Paramount Pictures' Intellectual Property ("PARAMOUNT Files"); and (iv) Crystal Dynamics' or Microsoft's Intellectual Property that may be relevant to the *Crystal Dynamics* litigation ("CRYSTAL Files").

2) Non-party DisputeSoft has developed methods to identify potential source code in any STUDIO Files that may belong to Plaintiffs Rearden LLC et al. ("Rearden"), using the criteria established by the Special Master's prior orders. DisputeSoft shall identify the relevant files it identifies in this manner as SOURCE CODE. By submitting this Proposed Order, neither Rearden nor Disney waive, but rather expressly reserve their rights, regarding whether any STUDIO File so identified contains source code or whether such source code is the property of Rearden.

3) DISNEY Files shall be treated as follows:

   a) The DISNEY Files shall be deemed produced to Plaintiffs and Defendants in *Rearden LLC, et al. v. The Walt Disney Company, et al.*, Case No. 17-cv-04006-JST ("*Disney I*"), subject to the protective order in that case. DISNEY Files identified by DisputeSoft as potentially containing Rearden code shall be designated "Source Code" under the protective order. All other DISNEY Files shall be designated "Confidential" under the protective order.

   b) The DISNEY Files shall be deemed produced to Plaintiffs and Defendants in *Rearden LLC, et al. v. TWDC Enterprises 18 Corp., et al.*, Case No. 22-cv-02464-JST ("*Disney II*") provided that the parties agree on a protective order in that matter that is substantially similar to the

existing order in Case No. 17-cv-04006-JST. The parties are ordered to meet and confer and submit an agreed-upon protective order, or competing protective orders, by March 10, 2023. After a protective order is in place, DISNEY Files identified by DisputeSoft as potentially containing Rearden code shall be designated "Source Code" and all other DISNEY Files shall be designated "Confidential" under that order.

4) FOX Files shall be deemed produced to Plaintiffs and Defendants in *Rearden LLC, et al. v. Twentieth Century Fox Film Corporation, et al.*, Case No. 17-cv-04191-JST, subject to the protective order in that case. FOX Files identified by DisputeSoft as potentially containing Rearden code shall be designated "Source Code" under the protective order. All other FOX Files shall be designated "Confidential" under the protective order. Nothing in this Order is intended to, or shall, lift or alter the stay currently in place in this case.

5) PARAMOUNT Files shall be deemed produced to Plaintiffs and Defendants in *Rearden LLC, et al. v. Paramount Pictures Corporation, et al.*, Case No. 17-cv-04191-JST, subject to the protective order in that case. PARAMOUNT Files identified by DisputeSoft as potentially containing Rearden code shall be designated "Source Code" under the protective order. All other PARAMOUNT Files shall be designated "Confidential" under the protective order. Nothing in this Order is intended to, or shall, lift or alter the stay currently in place in this case.

6) CRYSTAL Files:

   a) Rearden's position: Rearden understands that CRYSTAL Files are to be treated the same as the other Files identified above. Accordingly, CRYSTAL Files shall be deemed produced to Plaintiffs and Defendant in *Rearden LLC, et al. v. Crystal Dynamics, et al.*, Case No. 17-cv-04187-JST, subject to the protective order in that case. CRYSTAL Files identified by DisputeSoft as potentially containing Rearden code shall be designated "Source Code" under the protective order. All other CRYSTAL Files shall be designated "Confidential" under the protective order. Nothing in this Order is intended to, or shall, lift or alter the stay currently in place in this case.

   b) Crystal's position: Crystal understands that at the March 2, 2023 case management conference the Court granted Crystal leave to develop a further understanding of the issues (given that

Crystal is not a party in the case), and then Crystal would meet and confer with Rearden and come to a separate agreement. Other than a single email exchange on March 8, 2023, in which no agreements were made, Crystal and Rearden have not had an opportunity to complete their meet and confer efforts and obligations. Given the complexity of the issues, including that any files may involve Microsoft's intellectual property, Crystal and Rearden need more time to meet and confer. However, Crystal expects that it and Rearden will resolve this shortly.

7) REARDEN Files

   a) Rearden's position: REARDEN Files are all STUDIO files with no exclusions, and they shall be deemed produced in *Shenzhenshi Haitiecheng Science and Technology Co., LTD v. Rearden LLC*, Case No. 15-cv-00797-JST. The parties are ordered to meet and confer regarding whether the existing protective order in this matter is sufficient to address the concerns the parties raised at the hearing. The parties are further ordered to inform that court that the existing protective order is sufficient, submit an alternate agreed-upon protective order, or submit competing protective orders, by March 10, 2023.

   b) DD3 does not know what is meant by REARDEN Files, which is a term that Rearden has used for the first time the day this submission was due. The remaining STUDIO Files, unless subject to re-designation during the ongoing recovery and review process supervised by the Special Master and his expert, DisputeSoft, shall be produced in *Shenzhenshi Haitiecheng Science and Technology Co., LTD v. Rearden LLC*, Case No. 15-cv-00797-JST. Redesignation may result in them being "RETURNED" to Rearden instead of produced, pursuant to the RETURN process in the Special Master's proceedings. DisputeSoft has reported to the Court that it expects to redesignate some STUDIO files as in fact not being subject to RETURN such that they may be kept by DD3. The parties, having met and conferred and confirmed that the existing protective order is sufficient, shall designate the files as "CONFIDENTIAL" under that protective order any STUDIO files that are produced in the SHST litigation.

8) After this initial production, DisputeSoft will review files that are still withheld due to designations by DD3 as not returnable, with priority given to files that a party identifies as being at issue in

*Disney I* and in *Disney II*. After such review, to the extent files are identified as returnable, they are to be promptly produced to Disney and Rearden, per the protocol above.

9) DD3 and DisputeSoft are ordered to meet and confer and inform the Court, by March 10, 2023, of an estimated date by which the above identification and productions shall be completed.

10) In *Disney II*, Plaintiffs have a deadline of March 14, 2023 by which they must file an amended complaint. That deadline is hereby extended 21 days, to April 4, 2023, subject to further extension by stipulation or Court order.

11) DisputeSoft has indicated that as it continues its work in the *SHST* Litigation, additional STUDIO files may be identified. If so, they will be treated in the manner set forth above.

Issues raised by the parties in their submissions or at the March 2 hearing but not addressed in this Order may be raised with this Court, or the Special Master, without prejudice, as appropriate in the future.

**IT IS SO ORDERED.**

DATED: _____, 2023

_____
The Honorable Jon S. Tigar