KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
blanca.young@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone:     (415) 512-4000
Facsimile:     (415) 512-4077

SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone:     (650) 858-6000
Facsimile:     (650) 858-6100

JOSEPH TAYLOR GOOCH (SBN 294282)
Taylor.Gooch@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1 Front Street, Suite 3500
San Francisco, California 94111
Telephone:     (628) 235-1000
Facsimile:     (628) 235-1001

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC, et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>TWDC ENTERPRISES 18 CORP. f/k/a THE WALT DISNEY COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 4:22-cv-02464-JST<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS [ECF No. 109]**<br><br>Judge:　Hon. Jon S. Tigar<br>Ctrm.:　6 (2nd Floor) |

**NOTICE OF MOTION AND MOTION FOR LEAVE
TO FILE MOTION FOR RECONSIDERATION**

PLEASE TAKE NOTICE that Defendants will and hereby do move pursuant to Civil L.R. 7-9 for an Order granting Defendants leave to file a motion to reconsider the part of the Court's October 22, 2025 Order denying Defendants' Motion to Dismiss Plaintiffs' vicarious copyright infringement claim in the Fifth Amended Complaint. *See* ECF No. 109 at 10–12 (the "Order"). This Motion is based on the ground that the Court "manifest[ly] fail[ed] . . . to consider material facts or dispositive legal arguments which were presented to the Court before" it issued the Order. Civil L.R. 7-9(b)(3). Specifically, the Court failed to consider Defendants' contracts with DD3, which (a) are incorporated by reference into the Fifth Amended Complaint (ECF No. 90) ("5AC"), (b) are in the record, ECF Nos. 33-3, 41-3, 41-4, 67-2, 67-3, and (c) make it clear that the 5AC does not and cannot plausibly plead, as the Court held the 5AC pleaded, that Defendants "contracted with DD3 for facial performance capture services and output works using the Contour program for . . . *Avengers: Infinity War* and *Avengers: Endgame*." Order at 11 (quoting 5AC ¶ 120).

This Motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities below; all pleadings on file; and any other matter submitted prior to or at the submission of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants respectfully request leave to file a reconsideration motion regarding the denial of their motion to dismiss Plaintiffs' vicarious infringement claim. Reconsideration is an exceptional remedy but is warranted here based on the record and Civil L.R. 7-9(b)(3).

The Court held that Plaintiffs plausibly alleged that Defendants had "a legal right to stop DD3's alleged infringement or a practical ability to prevent that infringement." Order at 11 (quoting ECF No. 94 at 14). The Court held that Plaintiffs alleged that Defendants "contracted with DD3 for facial performance capture services and output works using the Contour program for . . . *Avengers: Infinity War* and *Avengers: Endgame*." *Id.* at 11:3–15 (quoting 5AC ¶ 120). But, as Defendants argued in their motion to dismiss the 5AC (as they had argued in each of their four prior motions to dismiss), their contracts with DD3 *expressly barred* DD3 from using MOVA

(also called Contour) software on both movies. *Id.* at 11:8–16; ECF No. 80 at 14:2–14; ECF No. 68 at 12:19–13:6; ECF No. 42 at 15:18–16:8; ECF No. 34 at 15:8–17. The Court did not accept Defendants' argument on the ground that the DD3 contracts "are not attached to or incorporated in the 5AC, and as such, the court may not consider them." Order at 11 n.2.

Respectfully, Defendants submit that the Court "manifest[ly] fail[ed] . . . to consider material facts or dispositive legal arguments which were presented to the Court before" it issued the Order. Civil L.R. 7-9(b)(3).

*First*, the Court's conclusion that Defendants' contracts with DD3 "are not attached to or incorporated in the 5AC" did not consider material facts and legal arguments that require a different conclusion. The 5AC refers repeatedly to Defendants' contracts with DD3. *See* 5AC ¶¶ 37, 76, 120, 125, 128. The 5AC therefore incorporates the DD3 contracts by reference, and the Court could and should have considered the contracts on Defendants' motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (district court may consider document incorporated by reference in the complaint "if the plaintiff refers extensively to the document").

*Second*, the DD3 contracts are in the record, and they make it clear that Defendants did *not* contract with DD3 to use MOVA (Contour) software on *Infinity War* and *Endgame*. In those contracts, DD3 specifically represented and warranted that it would *not* use any "MOVA Technology" (broadly defined) in performing its services under those contracts. ECF No. 42-1, Klaus Decl. Ex. 1 ¶ 16(f), (g) (Special Visual Effects Agreement for "Mary Lou," dated October 17, 2016) (hereinafter "Mary Lou Agreement") (filed under seal at ECF No. 41-3); *id.* Ex. 2 ¶ 17(f), (g) (Visual Effects Agreement for "Avengers: Untitled," dated June 29, 2018) (hereinafter "Untitled Agreement") (filed under seal at ECF No. 41-4); *see also* ECF No. 69-1 Exs. 1, 2 (filed under seal at ECF No. 67-2, 67-3) (attaching same contracts). It is not possible to read the contracts to say that Defendants engaged DD3 to provide *any* services using the MOVA Contour program.

The Order does not address these contractual provisions. Nor does the Order explain how Plaintiffs' allegation that Defendants in fact contracted with DD3 to use the MOVA Contour program could be well-pleaded. What those contracts say is no mystery to Plaintiffs. Since

October 2022, Plaintiffs have had and have relied on the contracts for other allegations in their pleadings.  *See* ECF No. 42-1 Klaus Decl. Exs. 1–2 (filed under seal at ECF Nos. 41-3, 41-4); *see, e.g.*, 5AC ¶ 76 (describing Mary Lou Agreement).  The contracts specifically provide that "the Deliverables and the Work *shall in no way* include any MOVA technology," and that DD3's use of MOVA technology would be deemed an "immediate material breach."  Mary Lou Agreement ¶ 16(f) (emphasis added); Untitled Agreement ¶ 17(f).  But Plaintiffs have never revised their allegation that Defendants "*contracted* with DD3 for facial performance capture services and output works *using the [MOVA] Contour program* for Disney's films *Avengers: Infinity War* and *Avengers: Endgame*."  5AC ¶ 120 (emphasis added); ECF No. 1, Compl. ¶ 63; *see* Order at 11 n.2 ("[T]he parties should ensure their representations to the Court are accurate.").

*Third*, Defendants presented these arguments to the Court before the Court issued the Order.  Beginning with the first motions to dismiss that Defendants filed in fall 2022,[1] Defendants have submitted the contracts and argued they were incorporated into Plaintiffs' complaints and made implausible Plaintiffs' allegation that Defendants contracted with DD3 to provide facial performance capture services using the MOVA Contour program.  *See* ECF No. 34 at 15:8–17; ECF No. 42 at 7:14–24, 15:18–16:8.  Again, the contracts establish the opposite of what Plaintiffs allege Defendants contracted to have DD3 do:  the contracts make it clear that Defendants forbade DD3's use of the MOVA Contour program.  *See* ECF No. 42 at 15:18–16:8; *see also* ECF No. 48 at 6:17–7:15.  Defendants repeated these arguments in each round of motion to dismiss briefing, including in the most recent round.  *See* ECF No. 68 at 12:19–13:6; ECF No. 73 at 7:20–27; ECF No. 80 at 14:2–14; ECF No. 85 at 8:18–26; ECF No. 94 at 11:8–17; ECF No. 100 at 8:15–16:1.

The Court's analyses of Defendants' initial motions to dismiss focused on Plaintiffs' failure to allege direct infringement.  *See* ECF Nos. 54, 76.  The Court reached Defendants' secondary liability arguments for the first time in its Order dismissing the copyright claims in

---

[1] Defendants first moved to dismiss Plaintiffs' complaint on August 9, 2022.  ECF No. 34.  Defendants submitted the Mary Lou Agreement with that motion.  ECF No. 33-3 (filed under seal).  Plaintiffs subsequently amended their complaint, ECF No. 38, and Defendants moved to dismiss again on October 24, 2022, ECF No. 42.  At that time, Defendants submitted both the Mary Lou and Untitled Agreements.  ECF Nos. 41-3, 41-4 (filed under seal).

Plaintiffs' Fourth Amended Complaint.  ECF No. 87.  That Order acknowledged the contractual prohibition against DD3's use of MOVA in dismissing Plaintiffs' contributory infringement claim. *See* ECF No. 87 at 12:7–15.  The Court, however, did not consider the contractual prohibition against DD3's use of MOVA with respect to Plaintiffs' vicarious infringement claim in its most recent Order.

For the foregoing reasons, Defendants respectfully submit they have established cause under Civil L.R. 7-9(b)(3) to be granted leave to file a motion for reconsideration and for the Court to reconsider its denial of Defendants' motion to dismiss Plaintiffs' vicarious infringement claim.

DATED:  October 31, 2025          MUNGER, TOLLES & OLSON LLP

By: */s/ Kelly M. Klaus*
      KELLY M. KLAUS

DATED:  October 31, 2025          WILMERHALE LLP

By: */s/ Taylor Gooch*
      TAYLOR GOOCH

*Attorneys for Defendants*