JOSHUA M. MASUR (SBN 203510)
*joshua.masur@hglaw.com*
**HALEY GUILIANO LLP**
111 North Market Street, Suite 900
San Jose, California 95113
Telephone: +1 669 213 1056
Facsimile: +1 669 500 7375

BRIAN J. BECK (*pro hac vice*)
*brian.beck@hglaw.com*
**HALEY GUILIANO LLP**
75 Broad Street, Suite 510
New York, New York 10004
Telephone: +1 669 213 1058
Facsimile: +1 669 500 7375

*Attorneys for Plaintiffs*

KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
blanca.young@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
2600  El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

JOSEPH TAYLOR GOOCH (SBN 294282)
Taylor.Gooch@wilmerhale.com
**WILMER CUTLER PICKERING
 HALE AND DORR LLP**
50 California St., Suite 3600
San Francisco, California 94111
Telephone:    (628) 235-1000
Facsimile:    (628) 235-1001

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| REARDEN LLC, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>TWDC ENTERPRISES 18 CORP. f/k/a THE WALT DISNEY COMPANY, a Delaware corporation, *et al.*,<br><br>        Defendants. | Case No. 4:22-cv-02464-JST<br><br>**STIPULATION AND [PROPOSED] ORDER STAYING CASE AND EXTENDING DEADLINES**<br><br>Judge:   Hon. Jon S. Tigar<br>Crtrm.:   6 (2nd Floor) |

**STIPULATION**

Plaintiffs Rearden LLC and Rearden Mova LLC (jointly, "Plaintiffs") and Defendants TWDC Enterprises 18 Corp., Disney Studio Production Services Co., LLC, Walt Disney Pictures, Marvel Studios LLC, MVL Film Finance LLC, and Lucasfilm Ltd. LLC (collectively, "Defendants") (Plaintiffs and Defendants jointly, the "Parties"), by and through their respective counsel of record, stipulate as follows:

1.      Plaintiffs filed their initial Complaint on April 21, 2022 (Dkt. 1).  After motion practice and amendments regarding Plaintiffs' Complaints, Defendants filed their Answer to the Fifth Amended Complaint and their Counterclaims on February 13, 2026 (Dkt. 122), and Plaintiffs filed their Answer to Defendants' Counterclaims on March 5, 2026 (Dkt. 129).

2.      On March 3, 2026, the Court held a Case Management Conference and issued a Scheduling Order (Dkts. 125, 126).

3.      On April 3, 2026, Plaintiffs served their Motion for Leave to File a Proposed Sixth Amended Complaint (Dkt. 134).  Defendants filed their Opposition on April 30, 2026 (Dkt. 139), Plaintiffs filed their Reply on May 14, 2026 (Dkt. 140). On June 8, 2026, "the Court [found] the matter suitable for disposition without oral argument" and vacated the hearing on this motion (Dkt. 141).

4.      On May 5, 2026, Plaintiffs served their Infringement Contentions and Accompanying Document Production pursuant to Patent Local Rules 3-1 and 3-2.  The Parties have subsequently met and conferred regarding the sufficiency of Plaintiffs' Contentions and Accompanying Production.

5.      On June 12, 2026, Joshua M. Masur, counsel for Plaintiffs, advised counsel for Defendants that he was in the process of leaving HG Law LLP, counsel of record for Plaintiffs. Mr. Masur further advised that he and HG Law LLP would be seeking to withdraw as counsel of record for Plaintiffs.  On behalf of Plaintiffs, Mr. Masur requested that Defendants stipulate to a limited stay of this action to allow time for Plaintiffs to secure replacement counsel.

6.      On June 15, 2026, Mr. Masur and Taylor Gooch, counsel for Defendants, conferred by voice to discuss Plaintiffs' request. Mr. Gooch indicated that Defendants were amenable to a

stipulated limited stay, on the following terms:

    a.    Plaintiffs request and Defendants stipulate that the Court stay this action in its entirety for 60 days, except that the stay would not apply to the production of documents (but not testimony) in compliance with subpoenas served on third parties prior to the entry of the stay.

    b.    Plaintiffs request and Defendants stipulate that the Court order the following modifications to the Scheduling Order (Dkt. 126):

| Event | Existing (Dkt. 126) | Parties' Proposal |
|---|---|---|
| Disney's Invalidity Contentions and Accompanying Document Production (Pat. L.R. 3-3, 3-4) | June 19, 2026 | August 21, 2026 |
| Deadline for the Parties to add parties or amend their pleadings without leave | June 26, 2026 | August 28, 2026 |
| Exchange of List of Proposed Terms for Construction (Pat. L.R. 4-1) | July 3, 2026 | September 4, 2026 |
| Exchange of Preliminary Claim Constructions & Extrinsic Evidence (Pat. L.R. 4-2) | July 24, 2026 | September 25, 2026 |
| Damages Contentions (Pat. L.R. 3-8) | August 10, 2026 | October 13, 2026 |
| Joint Claim Construction & Prehearing Statement & Expert Reports (Pat. L.R. 4-3) | August 18, 2026 | October 20, 2026 |
| Responsive Damages Contentions (Pat. L.R. 9) | September 9, 2026 | November 11, 2026 |
| Close of Claim Construction Discovery (Pat. L.R. 4-4) | September 17, 2026 | November 19, 2026 |
| Rearden's Opening Claim Construction Brief (Pat. L.R. 4-5(a)) | October 2, 2026 | December 15, 2026 |

STIPULATION AND [PROPOSED] ORDER STAYING CASE AND EXTENDING DEADLINES

| Event | Existing (Dkt. 126) | Parties' Proposal |
|---|---|---|
| Disney's Responsive Claim Construction Brief (Pat. L.R. 4-5(b)) | October 16, 2026 | January 15, 2027 |
| Rearden's Reply Claim Construction Brief (Pat. L.R. 4-5(c)) | October 23, 2026 | January 27, 2027 |
| Claim Construction Tutorial | November 2, 2026 at 2:00pm | On or after February 22, 2027, as convenient for the Court |
| Damages Contentions Meeting & Certification | November 9, 2026 | January 8, 2027 |
| Claim Construction Hearing (Pat. L.R. 4-6) | November 16, 2026 at 2:00pm | On or after March 8, 2027, as convenient for the Court |

7.      The Parties have agreed that this stay is intended solely to allow Plaintiffs an opportunity to retain replacement counsel.  Plaintiffs may not rely on any aspect of this stay or Defendants' agreement to the stay for any other purpose including to support Plaintiffs' pending Motion for Leave to File a Proposed Sixth Amended Complaint (Dkt. 134).

8.      The Parties had previously agreed that Plaintiffs would, by June 9, 2026, provide Defendants with more specific contentions regarding Plaintiffs' alleged priority dates for the asserted claims pursuant to Patent Local Rule 3-1(f).  Plaintiffs provided additional some of that information by June 9, 2026, but the Parties disagree whether Plaintiffs' supplemental information is sufficient or timely such that it complies with Patent Local Rule 3-1(f).  The Parties agree their dispute regarding that issue shall be subject to the stay requested herein.  The parties further agree that upon the expiration of the requested stay, the Parties will immediately meet and confer regarding that issue. The Parties agree that no portion of this stay may be used by Plaintiffs to support the effectiveness of said contention or be used as a ground in any subsequent motion to supplement Plaintiffs' Infringement Contentions, for this, or any other reason.

9.      The Parties had also previously agreed that Plaintiffs would amend their Patent Local Rule 3-1(c) Infringement Contention claim charts at certain dates after the current deadline

for Defendants' Patent Local Rule 3-3 and 3-4 invalidity contentions.  In particular, the Parties agreed that:

    a.    Plaintiffs would chart separately, and add further specificity regarding, their contentions related to the streaming of movies made with MOVA without authorization by Plaintiffs, on July 9, 2026 (*i.e.*, 20 days after the deadline for Defendants' Patent Local Rule 3-3 and 3-4 contentions and production), which date the Parties agree shall be extended to September 10, 2026, absent other agreement. Plaintiffs further agree that for any element for which Plaintiffs' May 5, 2026 Infringement Contention charts rely on MOVA software, the supplemental chart will at least include pin-cites to the MOVA source code for each claim element;

    b.    Plaintiffs would provide more specificity regarding the claims asserted against Defendants' facial capture systems on July 22, 2026 (*i.e.*, 33 days after the deadline for Defendants' Patent Local Rule 3-3 and 3-4 contentions and production), which date the Parties agree shall be extended to September 23, 2026, absent other agreement.  This specificity shall include, at a minimum, (1) citations to any documents from Defendants' Patent Local Rule 3-4 production for which Plaintiffs intend to rely on to prove infringement; and (2) the identification of each specific movies/titles and which characters within each movie/title Plaintiffs contend were created using each accused instrumentality contingent on Defendants supplementing their response to Plaintiffs' already-served interrogatory requesting identification of specific movies/titles, specific characters therein, and specific accused facial capture technologies used;

    c.    Plaintiffs would provide updates regarding searching and production for additional documents responsive to Patent Local Rule 3-2 at dates through June 18, 2026 (*i.e.*, one day before the deadline for Defendants' Patent Local Rule 3-3 and 3-4 contentions and production), which date the Parties agree shall be extended to August 18, 2026, absent other agreement.  These updates will include, at least: (a) identifying the documents Plaintiffs will produce and a date certain by which they

STIPULATION AND [PROPOSED] ORDER STAYING CASE AND EXTENDING DEADLINES

will produce those documents, (b) indicating whether Plaintiffs have completed their search for documents responsive to Patent Local Rule 3-2 within their possession, custody, and control, (c) whether Plaintiffs are withholding any responsive document; and (d) production of documents in their possession, custody, and control that were produced in *Rearden I*, including rate cards and purchase orders for MOVA technology; and;

d. Plaintiffs represent that they are not currently aware of any pre-suit knowledge of any of the asserted patents by Defendants, and that Plaintiffs do not presently have evidence in their possession, custody, or control to support an indirect or willful infringement allegation predating the filing of the complaint. Plaintiffs previously agreed to supplement their Infringement Contentions by July 22, 2026 (*i.e.*, 33 days after the deadline for Defendants' Patent Local Rule 3-3 and 3-4 contentions and production) to provide any evidence of pre-suit knowledge based on their review of the documents Disney will produce pursuant to Patent Local Rule 3-4 and to identify each third-party streaming service and each accused movie/title they contend each of those third-party streaming services offer, which date the Parties agree shall be extended to September 23, 2026.

10. The Parties agree that the stipulated request to extend the above deadlines is without prejudice to making or opposing any further request, either by stipulation or motion, of further extensions thereto.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

/ /

STIPULATION AND [PROPOSED] ORDER STAYING CASE AND EXTENDING DEADLINES

THEREFORE, the Parties respectfully request that the Court issue an Order granting this stipulation, thereby staying this action and providing that the deadlines in question be extended accordingly.

**IT IS SO STIPULATED.**

Dated:  June 16, 2026                    **HALEY GUILIANO LLP**

By:  */s/ Joshua M. Masur*
Joshua M. Masur
Attorneys for Plaintiffs

Dated:  June 16, 2026                    **WILMER CUTLER PICKERING HALE AND DORR LLP**

By:  */s/ Taylor Gooch*
Joseph Taylor Gooch
Attorneys for Defendants

**CIVIL LOCAL RULE 5-1 ATTESTATION**

I, Joshua M. Masur, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that Joseph Taylor Gooch concurred in the filing of this document.

*/s/ Joshua M. Masur*
Joshua M. Masur

**[PROPOSED] ORDER**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

1.      This action is hereby stayed in its entirety for sixty (60) days, except in relation to production of documents (but not testimony) in compliance with third-party subpoenas served prior to the entry of this stay.

2.      This stay is solely to allow Plaintiffs an opportunity to retain replacement counsel and that Plaintiffs may not rely on any aspect of this stay or Defendants' agreement to the stay for any other purpose including to support Plaintiffs' Motion for Leave to File a Proposed Sixth Amended Complaint (Dkt. 134) and any forthcoming motion to Supplement or Amend Plaintiffs' Infringement Contentions.

3.      The deadlines in the Scheduling Order (Dkt. 126) are modified as follows:

| Event | Existing (Dkt. 126) | Parties' Proposal |
|---|---|---|
| Disney's Invalidity Contentions and Accompanying Document Production (Pat. L.R. 3-3, 3-4) | June 19, 2026 | August 21, 2026 |
| Deadline for the Parties to add parties or amend their pleadings without leave | June 26, 2026 | August 28, 2026 |
| Exchange of List of Proposed Terms for Construction (Pat. L.R. 4-1) | July 3, 2026 | September 4, 2026 |
| Exchange of Preliminary Claim Constructions & Extrinsic Evidence (Pat. L.R. 4-2) | July 24, 2026 | September 25, 2026 |
| Damages Contentions (Pat. L.R. 3-8) | August 10, 2026 | October 13, 2026 |
| Joint Claim Construction & Prehearing Statement & Expert Reports (Pat. L.R. 4-3) | August 18, 2026 | October 20, 2026 |
| Responsive Damages Contentions (Pat. L.R. 9) | September 9, 2026 | November 11, 2026 |

STIPULATION AND [PROPOSED] ORDER STAYING CASE AND EXTENDING DEADLINES

| Event | Existing (Dkt. 126) | Parties' Proposal |
|---|---|---|
| Close of Claim Construction Discovery (Pat. L.R. 4-4) | September 17, 2026 | November 19, 2026 |
| Rearden's Opening Claim Construction Brief (Pat. L.R. 4-5(a)) | October 2, 2026 | December 15, 2026 |
| Disney's Responsive Claim Construction Brief (Pat. L.R. 4-5(b)) | October 16, 2026 | January 15, 2027 |
| Rearden's Reply Claim Construction Brief (Pat. L.R. 4-5(c)) | October 23, 2026 | January 27, 2027 |
| Claim Construction Tutorial | November 2, 2026 at 2:00pm | On or after February 22, 2027, as convenient for the Court |
| Damages Contentions Meeting & Certification | November 9, 2026 | January 8, 2027 |
| Claim Construction Hearing (Pat. L.R. 4-6) | November 16, 2026 at 2:00pm | On or after March 8, 2027, as convenient for the Court |

4.    Plaintiffs shall chart separately, and add further specificity regarding, their contentions related to the streaming of movies made with MOVA allegedly without authorization by Plaintiffs by September 10, 2026, absent agreement between the Parties.  Such supplement shall include, at least, pin-cites to the MOVA source code for each claim element for which Plaintiffs' May 5, 2026 Infringement Contention charts rely on MOVA software.

5.    Plaintiffs shall supplement their infringement contentions by September 23, 2026, absent agreement between the Parties, with, at least, (1) citations to any documents from Defendants' Patent Local Rule 3-4 production for which Plaintiffs intend to rely on to prove infringement and (2) the identification of each specific movies/titles and which characters within each movie/title Plaintiffs contend were created using each accused instrumentality.

6.    Plaintiffs shall provide updates regarding their search and production for additional documents responsive to Patent Local Rule 3-2 by August 18, 2026, absent agreement between the

Parties. This shall include, at least: (a) an identification of the documents Plaintiffs will produce and a date certain by which they will produce those documents with specificity, (b) a representation on whether Plaintiffs have completed their search for documents responsive to Patent Local Rule 3-2 within their possession, custody, and control, and if not, exactly what search remains and when it will be completed, and (c) an identification of whether Plaintiffs are withholding any responsive documents with specificity.

7.    Plaintiffs shall supplement their Infringement Contentions by September 23, 2026, absent agreement between the Parties, to provide any evidence of pre-suit knowledge based on the documents Disney produces pursuant to Patent Local Rule 3-4.  Plaintiffs shall further identify each third-party streaming service and each accused movie/title Plaintiffs contend each of those third-party streaming services offer.

DATED:  _____, 2026

_____
HON. JON S. TIGAR
United States District Judge

STIPULATION AND [PROPOSED] ORDER STAYING CASE AND EXTENDING DEADLINES