October 6, 2026

**Brian J. Beck**
T +1 669 213 1058
F +1 646 219 6229
brian.beck@hglaw.com

Hon. Jon S. Tigar
United States District Judge
United States District Court, Northern District of California
Oakland Division
1301 Clay Street
Oakland, CA 94612

**Re: Rearden LLC, et al. v. TWDC Enterprises 18 Corp., et al., Joint Discovery Letter Brief - Case No. 4:22-cv-02464-JST**

Dear Judge Tigar:

Pursuant to the Court's Civil Standing Order, Plaintiffs Rearden LLC and Rearden Mova LLC ("Plaintiffs," "Rearden," or "Moving Parties") and Defendants TWDC Enterprises 18 Corp., Disney Studio Production Services Co., LLC, Walt Disney Pictures, Marvel Studios LLC, MVL Film Finance LLC, and Lucasfilm Ltd. LLC's (collectively, "Defendants," or "Responding Parties") (together, "the Parties") submit the following Joint Discovery Letter Brief regarding a dispute over Defendants' Patent Local Rule ("Patent L.R.") 3-3 Invalidity Contentions. Plaintiffs contend that Defendants' obviousness contention disclosures do not comply with Patent L.R. 3-3(b) because they purport to disclose, through generic group of references, thousands of purported obviousness combinations without specific descriptions of why any individual combination renders the asserted claim obvious and without tying the combinations to the limitations of the asserted claims, Plaintiffs seek an order compelling Defendants to amend their contentions to provide more specific disclosures as discussed below. Defendants disagree and contend that their Invalidity Contentions comply with Patent L.R. 3-3(b). For each asserted patent, Defendants' cover document (Ex. A) defines categories of references by the claim limitation each category supplies. It then explains, for each category combination, why a person of ordinary skill would have combined the references and expected success. Defendants contend that Courts in this District accept precisely this form of disclosure.

The parties met and conferred regarding this issue by videoconference on September 11, 2026, and again on September 22, 2026 but were unable to resolve the issues discussed herein without intervention from the Court.

**PLAINTIFFS' (MOVING PARTIES') POSITION**

**I. Defendants' Patent L.R. 3-3(c) claim charts fail to identify with specificity or provide any analysis as to where in each alleged prior art reference each claim limitation can be found.**

Defendants' purported Patent L.R. 3-3(b) disclosure of obviousness combinations is in the form of providing a number of groups of references by category, and then alleging a number of different ways in which any member of one group can be combined with another group to allegedly render the asserted claims obvious. Defendants' cover pleading, which purports to disclose Defendants' obviousness combinations at pages 25-112, is attached hereto as Exhibit A. Instead of identifying which claim limitations are disclosed by which references in its purported combinations, Defendants have provided general descriptions of subject matter falling within ten different categories and references that purport to disclose each category of subject matter. Ex. A at 33-60. Then, for each of the Patents in Suit, Defendants have identified about 10 overlapping groups of references by the general subject matter they purportedly disclose, and then identified each combination in the form of "any reference from one group in view of one or more references from another group." Ex. A at 61-112. Defendants have thus purported to disclose billions of obviousness combinations without any specific explanation of how and why a person of ordinary skill in the art would combine them.

For example, for the '248 Patent, Defendants have identified nine groups of overlapping prior art references: 13 "Primary References," 25 "Frame Correlation / High-Resolution 3D Mesh Reconstruction" references, 22 "Multi-Camera Capture" references, and so on. Ex. C at 62-63. Then, Defendants identify "exemplary combinations" in the form of "Any Primary Reference in view of one or more of the 248 Frame Correlation / High-Resolution 3D Mesh Reconstruction References"; "Any Primary Reference in view of one or more of the 248 Automatic 3D Point Tracking / Fold & Deform References," and so on. Ex. A at 63-64. The first category of combinations alone, combining Primary References with "Frame Correlation" references, purports to disclose at least 13 times 25, or 325, different obviousness combinations. The ten different types of alleged combinations of obviousness combinations by group thus purport to disclose thousands of different obviousness combinations.

This form of grouped obviousness combinations does not comply with Patent L.R. 3-3(b)'s requirement to provide "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness." This Court explained in *Ironworks Patents LLC v. Samsung Elects. Co.*, providing a primary reference and identifying several additional references that render some unidentified claim of the asserted patent obvious if one or more are combined with the primary reference does not meet the disclosure requirements of Patent L.R. 3-3(b). No. 17-cv-01958-HSG (JSC), 2017 U.S. Dist. LEXIS 169938 (N.D. Cal. Oct. 12, 2017). This Court reasoned that invalidity contentions are improper where "it is impossible to determine from [the] disclosures what claims [the patent challenger] contends are obvious and what combination of references renders the claim

obvious." *Id.* at *9. In another example, this Court explained in *Sick A.G. v. Omron Sci. Techs., Inc.*, No. C 06-2028 CW (MEJ), 2007 U.S. Dist. LEXIS 33818, at *5 (N.D. Cal. Apr. 24, 2007), that while Rule 3-3(b) may permit grouping if the combination and motivation to combine were truly identical for every group, the form of summary grouping here creates "a risk of including a combination that fails or a motivation that is inapplicable." The Court went on to explain that even if this risk could somehow be reduced, the Patent Local Rules still "are designed to force the parties to explicitly state their theories of the case and to adhere to those theories once disclosed," and ordered the Defendant to "explicitly identify each combination of prior art that allegedly renders a claim obvious and the motivation for combining the items." *Id.*at *6.

Defendants' general descriptions of motivation to combine and likelihood of success in their Invalidity Contentions do not cure the deficiency. For example, taking the first category of combination in Defendants' contentions, "Any Primary Reference in View of One or More of the 248 Frame Correlation / High-Resolution 3D Mesh Reconstruction References," (for the '248 Patent), Defendants describe it as being obvious that if any Primary Reference lacks a high-resolution 3D mesh correlation or reconstruction technique, it can be combined with one of the references that does. Ex. A at 65-66. But all the "Primary References" are listed as "248 Frame Correlation / High-Resolution 3D Mesh Reconstruction" references. Ex. A at 62. Are Defendants' combining references with themselves, even if they lack a high-resolution 3D mesh correlation or reconstruction technique?[1] These references also describe different types of systems; for example, Eisert-2003 describes a video-conferencing system, while Gordon-333 describes a marker-based performance capture volume; the generic description that one would be motivated to combine these references because a person of ordinary skill in the art "would naturally have looked to conventional stereo correspondence techniques…" (Ex. A at 65) does not provide any explanation as to how a person of ordinary skill in the art could practically combine these references to obtain the patented invention. Nor does this description tie any disclosure to any claim limitation in any comprehensible way.[2]

---

[1] Defendants' approach is accordingly not the same as what was approved in *Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 JW (HRL), 2007 U.S. Dist. LEXIS 97464, at *11 n. 3 (N.D. Cal. Mar. 27, 2007), in which the defendant identified two groups of **non-overlapping** references and explained how one group of references fills the gaps in the other group. *See also Ironworks*, No. 17-cv-01958-HSG (JSC) at *9 (noting that *Avago* does not "suggest[ ] that just listing references and saying that the combination of one or more with a particular reference will render unspecified claims of a patent invalid as obvious satisfies Rule 3-3(b).")

[2] For this reason, this Court's statement in *Slot Speaker Techs. v. Apple, Inc.*, No. 13-cv-01161-HSG (DMR), 2017 U.S. Dist. LEXIS 8414, at *18 (N.D. Cal. Jan. 19, 2017) that "the trend in this district is not to require [identification of each combination of prior art] where an alleged infringer can reasonably demonstrate identical theories of obviousness for grouped combinations of prior art" does not apply. Defendants' descriptions of reasonable expectation of success and

Here, where Defendants' obviousness contentions appear to disclose thousands of alleged combinations for each of the four Patents-in-Suit, the concern in *Omron* is heightened. The prior art references in each group are not identical, and the manner of combining references and motivation to combine cannot possibly be the same in each of the hundreds of possible permutations raised by each group. While Defendants no doubt wish to keep their options open, the Patent Local Rules do not permit Defendants to disclose over 3,000 obviousness combinations, in the hope that Plaintiffs will only be able to rebut 2,999 of them. Plaintiffs therefore respectfully request that the Court, as it did in *Omron*, order Defendants to amend their Invalidity Contentions to explicitly identify each combination of prior art that allegedly renders a claim obvious and the motivation for combining the items.

DEFENDANTS' (RESPONDING PARTIES') POSITION

The Court should deny Plaintiffs' request. P.L.R. 3-3(b) requires "an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness." Defendants' contentions do both. They sort the prior art into categories, define each category by the claim limitation it supplies, and explain why a person of ordinary skill in the art would have added that category to a primary reference and expected success. Ex. A at 61–112.

Courts in this District accept grouped obviousness disclosures where one stated theory covers every combination in the group, however many permutations result. *Concurrent Ventures, LLC v. Advanced Micro Devices Inc.*, No. 25-cv-09567-JST, slip op. at 8 (N.D. Cal. Sept. 14, 2026) ("Courts allow defendants to assert obviousness combinations by group if the theory of obviousness is the same for every possible combination of the two groups."); *Slot Speaker Techs., Inc. v. Apple, Inc.*, 2017 WL 235049, at *6 (N.D. Cal. Jan. 19, 2017) ("[T]he trend in this district is not to require this level of identification where an alleged infringer can reasonably demonstrate identical theories of obviousness for grouped combinations of prior art."); *See also Fujifilm Corp. v. Motorola Mobility LLC*, 2015 WL 757575, at *28 (N.D. Cal. Feb. 20, 2015) (Rule 3-3(b) "does not always require the accused infringer to spell out in exact detail every particular combination it intends to assert."). A grouped disclosure need only "explain which prior art references fall in a particular group, as well as the theory of obviousness for combinations from particular groups." *Slot Speaker*, 2017 WL 235049 at *7; *see also Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, 2007 WL 951818, at *4 (N.D. Cal. Mar. 28, 2007) (finding grouped obviousness combinations complied with P.L.R. 3-3(b) even though patentee argued the grouping yielded "literally billions" or permutations); *Keithley v. The Homestore.com, Inc.*, 553 F. Supp. 2d 1148, 1150 (N.D. Cal. 2008) (similar). In other words, the key is the disclosure of the theory, not the arithmetic of the permutations. Defendant's Contentions do exactly this: for each Asserted Patent, the Contentions (Ex. A) define reference categories by the specific claim requirement each

---

motivation to combine are offered at such a high level of generality, untied to the references themselves and the asserted claims' limitations, that they do not "reasonably demonstrate identical theories of obviousness" for the groups cited by Defendants.

category supplies, lists every reference assigned to each category, enumerates the category-to-category combinations Defendants assert, identifies representative teachings supplying the limitation, and states the motivation to combine and the basis for a reasonable expectation of success.

Turning to Plaintiffs' specific arguments, Plaintiffs first assert that Defendants' do not provide 'an explanation of why the prior art renders the asserted claim obvious'" and include "generic group[s] of references." That is incorrect. Starting at Section IV.B.4 of the cover pleading, Defendants include descriptions, quotations, and explanations showing how the prior art references disclose the various concepts of the asserted claims. Ex. A at 33-61. Then, in Sections IV.B.5-IV.B.7, each combination is introduced by the specific claim requirement it addresses and identifies representative teachings supplying the limitation. Ex. A at 61-112. As just one example, for Defendants combinations based on the Primary References in view of the '248 Patent "Multi-Resolution Correlation References," the Contentions state the claim requirement ("Certain claim limitations require correlating 2D frames at a first resolution and then correlating at a second, higher resolution"), then identify exemplary teachings from member references of the group:

> Kroos-145 discloses correlating at low node density to detect large motion, then refining at higher density. Kroos-145 at 9:1–28. Yang-2003 discloses combining SSD scores 'from different resolutions, from coarse to fine.' Yang-2003 at 6. Maurer-231 discloses Gaussian image pyramids and 'a coarse-to-fine approach that first utilizes graphs with fewer nodes … and then in subsequent steps utilizes more dense graphs.' Maurer-231 at 11:1–10. Wang-2004 and Huang-2004 disclose multi-resolution deformable face models with coarse-level (1K node) and fine-level (8K–16K node) meshes. Zinßer-2004 discloses Gaussian image pyramids coupled with coarse-to-fine translation estimation. Hannah and Lucas & Kanade disclose foundational hierarchical image matching and image-registration techniques.

Ex. A at 68-69; *see also id.* at 29-30 (explaining what the Specification admits was known in the art relevant to multi-resolution correlation), 49-54 (descriptions of prior art disclosing multi-resolution correlation). As another example, for Defendants' combination in view of the '248 Patent Automatic 3D Point Tracking / Fold & Deform References, the Contentions state the claim requirement, then identify exemplary teaching from the member references of the group, 66-67 (exemplary descriptions of prior art references disclosing the claimed tracking), 54-59 (descriptions of prior art disclosing temporal correlation and 3D facial motion tracking). These are not generic groups of references, but precisely the sort of disclosure this Court contemplated in *Slot Speaker Techs., Inc.*, and permissible under P.L.R. 3-3(b).

Plaintiffs next assert that Defendants' "general descriptions of motivation to combine and likelihood of success … do not cure the deficiency." This is also incorrect. The motivations Defendants articulated are grounded in the particular technical tradeoffs of the particular limitation at issue. For example, for Defendants' motivation to combine the primary references in view of the correlation references, Defendants explain:

> A person of ordinary skill would have been motivated to combine these categories because they are complementary stages of the same pipeline: multi-camera systems generate the image data, and correlation and reconstruction algorithms process that data into 3D geometry. For example, a person implementing the multi-camera facial capture systems disclosed in Gordon-333 (plurality of motion cameras), Pighin-1998 (five cameras simultaneously), or Eisert-2003 (multiple camera setup) would have been motivated to apply known stereo-matching and 3D reconstruction techniques—such as normalized cross-correlation (Bourke-1996; Hannah), stereo depth computation (Zhang-2004; Kanade-1997; Bouguet-408), disparity estimation (Eisert-2003), or triangulation from tracked features (Guenter-1998; Borshukov-2003)—to compute 3D facial geometry from the captured multi-view images.

Ex. A at 71; *see also id.* at 68-69 (for the multi-resolution correlation combination, "… motivated to apply multi-resolution processing to correlation-based reconstruction because it improves computational efficiency, increases robustness to large displacements, and yields finer detail at higher resolutions—the same tradeoffs the '248 patent's own Figure 15 algorithm addresses."), 67-68 (for the markerless combination, "… motivated to combine these references because the limitations of marker-based capture were well recognized: markers can be intrusive, limit resolution to the density of applied markers, and require manual application.").

Third, Plaintiffs' argument regarding Eisert-2003 and Gordon-333 is unavailing and directed to the merits of Defendants' contentions, not whether the relevant theory is disclosed. Even so, Plaintiffs' argument mischaracterizes the capacity in which the references are applied: both references are multi-camera facial capture systems, and stereo matching and 3D reconstruction techniques are applicable. The end-use application of a reference does not bear on the compatibility of the specific teachings the Contentions identify for combination. Plaintiffs' overlap point fares no better. The thirteen '248 Primary References are the same thirteen references Defendants chart as anticipating claims 1-30. Ex. A at 22, 62. They also sit in other categories because each also teaches that category's limitation.

Fourth and finally, Plaintiffs' authority does not help it. *Ironworks* confirms the approach in this district permitting grouping references by category. *Ironworks*, at *3 (citing *Slot Speaker*). Further, as Judge Ryu later observed, "[t]he approach in *Sick A.G.* has not been adopted by any court in this district, and thus appears to be an outlier." *Slot Speaker*, 2017 WL 235049, at *6.

For the foregoing reasons, Defendants' Invalidity Contentions provide precisely the notice Rule 3-3(b) requires: they identify the references, the claim limitations they address, the asserted combinations, and the common obviousness theories supporting those combinations. Plaintiffs' demand that Defendants restate the same theories for every possible pairing finds no support in the Rule or this District's precedent. The Court should deny Plaintiffs' request.

Respectfully submitted,

GREGORY J. LUNDELL (SBN 234941)
*greg.lundell@hglaw.com*
**HALEY GUILIANO LLP**
111 North Market Street, Suite 900
San Jose, California 95113
Telephone: +1 669 213 1050
Facsimile: +1 669 500 7375

BRIAN J. BECK (*pro hac vice*)
*brian.beck@hglaw.com*
**HALEY GUILIANO LLP**
75 Broad Street, Suite 510
New York, New York 10004
Telephone: +1 669 213 1058
Facsimile: +1 669 500 7375

*Attorneys for Plaintiffs*

By: */s/ Brian J. Beck*
Brian J. Beck

KELLY M. KLAUS (SBN 161091)
kelly.klaus@mto.com
BLANCA F. YOUNG (SBN 217533)
blanca.young@mto.com
JOHN L. SCHWAB (SBN 301386)
john.schwab@mto.com
**MUNGER, TOLLES & OLSON LLP**
560 Mission Street, 27th Floor
San Francisco, California 94105-2907
Telephone: (415) 512-4000
Facsimile: (415) 512-4077

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

JOSEPH TAYLOR GOOCH (SBN 294282)
taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
50 California St., Suite 3600
San Francisco, California 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

*Attorneys for Defendants*

By: /s/ Taylor Gooch
Taylor Gooch

**CIVIL LOCAL RULE 5-1 ATTESTATION**

I, Brian J. Beck, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with Civil Local Rule 5-1(i)(3), I hereby attest that Joseph Taylor Gooch concurred in the filing of this document.

*/s/ Brian J. Beck*
Brian J. Beck